IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY B. MOORER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:10CV705-MHT |
| | )   (WO) |
| CAROLINE STEEL GROUP, LLC, et al., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Upon consideration of Defendant Carolina Steel Group, LLC's motion for summary judgment (Doc. # 31), filed on October 28, 2011, it is

ORDERED that the plaintiff may respond to the motion **on or before December 5, 2011.**  The defendant may file a reply brief **on or before December 19, 2011.**[1] Any documents or evidence filed after the applicable deadline will not be considered by the court except in exceptional circumstances.

In responding to a motion for summary judgment, plaintiff should refer to Rule 56 of the Federal Rules of Civil Procedure, including the following provision:

> A party asserting that a fact . . . is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

---

[1] The motion will be submitted for decision without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

  admissions, interrogatory answers, or other materials; or

  (B)  showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse part cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

  A party opposing a motion for summary judgment cannot rely only on his unsworn pleadings but must oppose the motion by filing sworn affidavits,[2] depositions, or other materials as set forth in Rule 56(c)(1)(A) which set forth facts, which can be presented in a form that would be admissible in evidence, demonstrating that there is a genuine dispute as to a material fact for trial in this case.  If plaintiff fails to file sworn affidavits or other acceptable evidence as set forth in Rule 56 the court may accept the moving party's evidence as the truth, for purposes of the motion.[3]  See Fed. R. Civ. P. 56(e). Plaintiff's failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may, additionally, cause the undersigned Magistrate Judge to recommend to the presiding District Judge that the motion for summary judgment be granted and that final judgment be entered in favor of the moving party without a trial.

---

  [2]  An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  A declaration under penalty of perjury that meets the requirements of 28 U.S.C. § 1746 is also an acceptable form of evidence.  An affidavit or declaration filed in support of or in opposition to a motion for summary judgment must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated" in the affidavit.  Fed. R. Civ. P. 56(c)(4).

  [3]  If the plaintiff is unable to present, by affidavit or declaration, facts essential to justify his opposition to the motion, he must file a sworn statement, by affidavit or declaration, explaining why he is unable to do so.  Fed. R. Civ. P. 56(d).

Done, this 4th day of November, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE