IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY B. MOORER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10CV705-MHT |
| | ) | (WO) |
| CAROLINE STEEL GROUP, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is presently before the court on plaintiff's motion for appointment of

counsel (Doc. # 34). Plaintiff commenced the present action without the assistance of counsel

and, in his motion, provides no indication that he is unable to represent himself.  The facts

underlying the plaintiff's claims for relief are relatively simple and the law applicable to such

claims is not complex.  "The fact that a plaintiff would be helped by counsel is not sufficient

to require appointment." Rizo v. Alabama Department of Human Resources, 228 Fed. Appx.

832, 834 (11th Cir. 2007)(unpublished opinion).  The court concludes that the circumstances

of this case do not justify appointment of counsel. See Bass v. Perrin, 170 F.3d 1312, 1320

(11th Cir. 1999)(plaintiff in a civil case has no constitutional right to counsel and court

should appoint counsel only in exceptional circumstances); see also Hunter v. Department

of the Air Force, 846 F.2d 1314, 1317 (11th Cir. 1988); Wills v. Postmaster General, 300

Fed. Appx. 748, 750 n. 1 (11th Cir. 2008)(unpublished opinion)(subsequent history omitted);

Cataldo v. St. James Episcopal School, 213 Fed. Appx. 966, 969 (11th Cir.

2007)(unpublished opinion).  Accordingly, it is

ORDERED that the motion for appointment of counsel is DENIED.

DONE, this 7th day of November, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE